UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

LEASA DIANE SKAGGS, Plaintiff,

v. Civil Action No. 3:17-cv-631-DJH-LLK

NANCY A. BERRYHILL, *acting Commissioner of Social Security*, Defendant.

\* \* \* \* \*

## MEMORANDUM OPINION AND ORDER

Plaintiff Leasa Diane Skaggs filed this action seeking review of the decision by the Commissioner of Social Security to deny her applications for disability insurance benefits and supplemental security income. (Docket No. 1) The case was referred to Magistrate Judge Dave Whalin for report and recommendation. Judge Whalin issued his Findings of Fact, Conclusions of Law, and Recommendation on July 26, 2018, recommending that the Commissioner's decision be affirmed and that Skaggs's complaint be dismissed with prejudice. (D.N. 22) Skaggs filed timely objections to Judge Whalin's report and recommendation. (D.N. 24) For the reasons set forth below, Skaggs's objections will be overruled. After careful consideration, the Court will adopt in full Judge Whalin's Findings of Fact, Conclusions of Law, and Recommendation.

### I. Background

**A. Treatment History**

Diane Skaggs was diagnosed with fibromyalgia in 2005. (D.N. 13-2, PageID # 89) She describes her fibromyalgia as feeling "like a metal rod [is] going through . . . [her] chest" (*id.*, PageID # 90), and contends that her condition causes swelling in her ankles, hands, and knees, requiring the use of a heating pad "pretty much all day long." (*Id.*, PageID # 92) Skaggs also

1

suffers from anxiety and depression, although she testified that her medication has helped her tremendously.[1]  (*Id.*, PageID # 96)

For the past six years, Skaggs has received intermittent treatment for her conditions from Dr. Eric Hilgeford.  (*See* D.N. 13-7, PageID # 359, 360–410, 419–52, 616–39)  Between 2012 and 2013, Dr. Hilgeford issued three assessments regarding Skaggs's capabilities.  On September 28, 2012, Dr. Hilgeford concluded that Skaggs was "unable to work" due to her conditions.  (*Id.*, PageID # 359)  In a letter dated January 25, 2013, he again indicated that due to her fibromyalgia, "she can never work greater than 4–5 hours per day."  (*Id.*, PageID # 361)  And on June 11, 2013, Dr. Hilgeford reported that due to her fibromyalgia and depression, the most Skaggs could work was "5 hours per day."  (*Id.*, PageID # 369)

In February 2015, Skaggs was in a motor vehicle accident that resulted in fractures to her left ankle, right tibia, and right wrist.  (*Id.*, PageID # 453–529)  The accident also injured her right knee.  (*Id.*)  Following the accident, Skaggs began using a walker, which she apparently still uses when she leaves her residence.  (D.N. 13-2, PageID # 91)  She also began treatment with orthopedist Dr. Jeffrey Been.  (D.N. 13-7, PageID # 530–57)  Dr. Been diagnosed her with osteoarthritis in her knee but indicated during his last examination of Skaggs that her "right ankle . . . [was] doing great and her right knee [was] doing well."  (*Id.*, PageID # 530)  Nevertheless, Skaggs reported lower back pain radiating to her leg.  (*Id.*, PageID # 531)

Meanwhile, Skaggs continued her treatment with Dr. Hilgeford.  A progress note indicates that during a visit on April 24, 2015, Skaggs had difficulty remembering events and appeared lethargic.  (*Id.*, PageID # 622)  Dr. Hilgeford diagnosed her with depression and severe knee pain.

---

[1] Skaggs allegedly also suffers from shingle flare-ups three to five times a year.  (D.N. 13-2, PageID # 92–93)  That condition is largely irrelevant to the Court's analysis here, as the treating-physician opinion at issue does not address Skaggs's shingles in detail.  (D.N. 13-7, PageID # 652)

(*Id.*, PageID # 624) The record does not reflect that he performed a psychological examination, however. (*Id.*) In June 2015, Skaggs again met with Dr. Hilgeford, complaining of back pain. (*Id.*, PageID # 619) After a follow-up examination in September 2015, Dr. Hilgeford diagnosed Skaggs with lumbar disc disease and insomnia. (*Id.*, PageID # 617) The record does not reflect that he performed a physical examination in reaching that conclusion. (*Id.*) An MRI conduced in September 2015 indicated mild to moderate osteoarthritis is Skaggs's left hip. (*Id.*, PageID # 640)

On October 5, 2015, Dr. Hilgeford completed a medical-source statement, in which he opined that Skaggs could sit less than two hours and stand or walk less than two hours in an eight-hour work day. (*Id.*, PageID # 652) He further indicated that Skaggs could occasionally lift five pounds or less, but never lift 10 pounds or more. (*Id.*) He also explained that Skaggs would frequently need to rest or lie down in 30-minute intervals throughout the day and that she would be absent from work more than three times per month due to her impairments. (*Id.*)

**B. Procedural Background**

On July 31, 2014, Skaggs filed applications for disability insurance benefits and supplemental security income benefits, claiming that she was disabled due to "anxiety, depression reoccurring shingles, fibromyalgia, auto immune deficiency, neck problems, and back problems." (D.N. 13-6, Page ID # 267–79) The Commissioner denied the applications on October 29, 2014, and again upon reconsideration on December 11, 2014. (*See* D.N. 13-4, PageID # 160–171, 174–187) Skaggs thereafter filed a written request for a hearing before an administrative law judge. (D.N. 13-4, PageID # 188–89) On December 20, 2016, the ALJ issued an opinion denying Skaggs's claims. (D.N. 13-2, PageID # 62–74) The ALJ found, among other things, that Skaggs has the residual functional capacity (RFC) to perform "light work" as defined in 20 C.F.R.

3

§§ 404.1567(b) and 416.967(b).[2]  (*Id.*, PageID # 69–72)  The ALJ also found that considering Skaggs's age, education, work experience, and RFC, there are jobs that exist in significant numbers in the national economy that she can perform.  (*Id.*, PageID # 73–74)  The appeals council denied Skaggs's request for review.  (*Id.*, PageID # 54–56)

Skaggs filed this action on October 12, 2017, challenging the Commissioner's denial of her claims.  (D.N. 1)  Skaggs moves for judgment on the pleadings.  (D.N. 15)  The Court referred this matter to Magistrate Judge Dave Whalin, who issued a report and recommendation on July 26, 2018.[3]  (D.N. 14; D.N. 22)  Judge Whalin recommends that this Court affirm the Commissioner's decision and that Skaggs's complaint be dismissed with prejudice.  (D.N. 22)  Skaggs filed timely objections to Judge Whalin's report and recommendation.  (D.N. 24)

## II.     Standard

When reviewing a report and recommendation, this Court reviews de novo "those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1)(C).  The Court may adopt without review any portion of the report to which an objection is not made.  *See Thomas v. Arn*, 474 U.S. 140, 150 (1985).  On review, the Court "may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions." Fed. R. Civ. P. 72(b)(3).  Accordingly, the Court will review de novo the portions of Judge Whalin's recommendation to which Skaggs objects to determine if relief is warranted.

---

[2] "Residual functional capacity" is the most a claimant can do despite her limitations.  20 C.F.R. § 404.1545.
[3] In light of Judge Whalin's retirement, this matter was referred to Magistrate Judge Lanny King on July 30, 2018.  (D.N. 23)

4

The Commissioner has promulgated regulations setting forth a five-step sequential evaluation process for evaluating a disability claim. 20 C.F.R. § 404.1520. Only steps four and five are at issue in Skaggs's objections. At step four, the ALJ considers the claimant's RFC with the physical and mental demands of her past relevant work. *Id*. § 404.1520(f). The claimant has the burden of proof at step four. *Walters v. Comm'r of Soc. Sec.*, 127 F.3d 525, 529 (6th Cir. 1997). At step five, the ALJ considers the claimant's RFC with her age, education, and work experience to determine whether she can make an adjustment to other work. 20 C.F.R. § 404.1520(g). The Commissioner has the burden of proof at step five. *Walters*, 127 F.3d at 529.

In reviewing an ALJ's decision, the Court asks "whether it is supported by substantial evidence and was made pursuant to proper legal standards." *Rogers v. Comm'r of Soc. Sec.*, 486 F.3d 234, 241 (6th Cir. 2007) (citations omitted). "Substantial evidence is defined as more than a scintilla of evidence but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Id*. (internal quotations omitted). The Court "may not try the case *de novo*, nor resolve conflicts in evidence, nor decide questions of credibility." *Cohen v. Sec'y of Health & Human Servs.*, 964 F.2d 524, 528 (6th Cir. 1992). Where substantial evidence supports the ALJ's decision, the Court "must affirm." *Staymate v. Comm'r of Soc. Sec.*, 681 F. App'x 462, 466 (6th Cir. 2017) (citing *Barker v. Shalala*, 40 F.3d 789, 794 (6th Cir. 1994)). Moreover, "[t]he findings of the [ALJ] are not subject to reversal merely because there exists in the record substantial evidence to support a different conclusion." *Buxton v. Comm'r of Soc. Sec.*, 246 F.3d 762, 772 (6th Cir. 2001); *see also Her v. Comm'r of Soc. Sec.*, 203 F.3d 388, 389–90 (6th Cir. 1999) ("Even if the evidence could also support another conclusion, the decision of the Administrative Law Judge must stand if the evidence could reasonably support the conclusion reached.").

### III. Discussion

Skaggs's first objection to the report and recommendation concerns the treating-physician rule. The treating-physician rule states that an ALJ will generally give greater weight to medical opinions from "treating sources." 20 C.F.R. § 404.1527(c)(2). A "treating source" is a medical professional who has provided the claimant with medical treatment or an evaluation and who has, or has had, an ongoing treatment relationship with the claimant. *Id*. § 404.1527(a)(2). The ALJ may decline to give greater deference to a treating physician's opinion, however, if he articulates "good reasons" for doing so. § 404.1527(c)(2). For example, "[t]he opinion of a treating physician is entitled to greater weight only if it is based on objective medical findings and is not contradicted by substantial evidence to the contrary." *Edwards v. Comm'r of Soc. Sec.*, 97 F. App'x 567, 570 (6th Cir. 2004) (internal citation omitted); *see also* 20 C.F.R. § 404.1527(c)(2) ("If we find that a treating source's medical opinion . . . is well-supported by medically acceptable . . . techniques and is not inconsistent with other substantial evidence . . . we will give it controlling weight.").

When an ALJ declines to assign controlling weight to a treating physician's opinion, he must provide "good reasons" for the weight that is assigned to the opinion. *Id*. § 404.1527(c)(2); SSR 96-2p, 1996 WL 374188. "Good reasons" are reasons that are "supported by the evidence in the case record, and must be sufficiently specific to make clear to any subsequent reviewers the weight the adjudicator gave to the treating source's medical opinion and the reasons for that weight." *Blakley v. Comm'r of Soc. Sec.*, 581 F.3d 399, 406–07 (6th Cir. 2009). In determining whether to afford a treating physician's opinion greater weight, the ALJ must also consider "the length of the treatment relationship and the frequency of examination, the nature and extent of the treatment relationship, supportability of the opinion, consistency of the opinion with the record as

a whole, and the specialization of the treating source." *Pasco v. Comm'r of Soc. Sec.*, 137 F. App'x 828, 837 (6th Cir. 2005) (citing 20 C.F.R. § 404.1527(c)).

In support of her motion for judgment on the pleadings, Skaggs argues that the ALJ's stated reasons for rejecting Dr. Hilgeford's opinions were "simply inadequate to discount a treating physician's opinion." (D.N. 15-1, PageID # 772) Judge Whalin rejected that argument, finding that the ALJ correctly discounted the opinions and stated "good reasons" for doing so. (D.N. 22, PageID # 814) Skaggs now objects to the finding, arguing again that "[t]he ALJ provided no detailed explanation . . . but merely [a] reference[] [to] a broad rationale."[4] (D.N. 24, PageID # 826) However, in deciding to afford Dr. Hilgeford's opinions "no weight," the ALJ stated that "Dr. Hilgeford offered no clinical evidence to support his [September 2012] statement," "there is no evidence to support [his subsequent] determination[s]," and his October 2016 opinion lacked "any explanation . . . and . . . supporting documentation." (D.N. 13-2, PageID # 72) He also noted that "[Skaggs's] office visits with [Dr. Hilgeford] continue to have little more detail than medication refills." (*Id.*) The ALJ's stated reasons for rejecting Dr. Hilgeford's opinions are sufficient under Sixth Circuit precedent. *Ellars v. Comm'r of Soc. Sec.*, 647 F. App'x 563, 566 (6th Cir. 2016) ("The administrative law judge gave good reasons for not giving significant weight to Dr. Schall's assessment about plaintiff's physical capabilities. The administrative law judge noted that 'the opinion expressed by Dr. Schall is quite conclusory, providing very little explanation of the information he relied upon in forming the opinion.'"); *White v. Comm'r of Soc.*

---

[4] Skaggs concedes that Dr. Hilgeford's October 2016 assessment is the only opinion at issue on objection. (D.N. 24, PageID # 826 ("While Dr. Higleford's earlier opinions may admittedly be reserved to the Commissioner, and not worthy of extensive analysis, the later opinion was.") Regardless, the ALJ correctly found that Dr. Hilgeford's earlier determination that Skaggs "was unable to work" is a decision reserved to the Commissioner. *See Bass v. McMahon*, 499 F.3d 506, 511 (6th Cir. 2007) ("[Section 404.1527(e)(3)] further elaborates that no 'special significance' will be given to opinions of disability, even if they come from a treating physician.").

*Sec.*, 572 F.3d 272, 286 (6th Cir. 2009) ("Conclusory statements from physicians are properly discounted by ALJs . . . Dr. Venkataraman failed to point to particular documents in [the plaintiff's] medical history supporting the doctor's conclusions."); *see generally Price v. Comm'r of Soc. Sec.*, 342 F. App'x 172, 175–76 (6th Cir. 2009) ("Where the opinion of a treating physician is not supported by objective evidence or is inconsistent with the other medical evidence in the record, this Court generally will uphold an ALJ's decision to discount that opinion."). Like the opinions at issue in *Ellars* and *White*, Dr. Hilgeford's assessments are "quite conclusory, providing very little explanation of the information he relied upon in forming the opinion[s]." *Ellars*, 647 F. App'x at 566; *see also White*, 572 F.3d at 286. By indicating that fact, the ALJ in this matter provided "good reasons" for his decision to discount the opinions.

In any event, Skaggs's objection essentially takes issue with the ALJ's failure to discuss all of the factors listed in 20 C.F.R. § 404.1527(c). Yet the ALJ need not explicitly apply all of the factors. Rather, the Sixth Circuit has held that an ALJ's explanation for discounting a treating physician's opinion must merely be "supported by the evidence in the case record, and must be sufficiently specific to make clear to any subsequent reviewers the weight the adjudicator gave to the treating source's medical opinion and the reasons for that weight." *Cole v. Astrue*, 661 F.3d 931, 937 (6th Cir. 2011). In fact, "[a]lthough the regulations instruct an ALJ to consider the[] factors, they expressly require only that the ALJ's decision include 'good reasons' . . . not an exhaustive factor-by-factor analysis." *Francis v. Comm'r Soc. Sec. Admin.*, 414 F. App'x 802, 804 (6th Cir. 2011); *see also Kepke v. Comm'r of Soc. Sec.*, 636 F. App'x 625, 630 (6th Cir. 2016) ("[T]he ALJ gave good reasons for discounting [the treating physician's] opinion . . . by considering *some* of the listed factors." (emphasis added)); *Lynn v. Colvin*, No. 16-153-ART, 2016 WL 8943300, at *5 (E.D. Ky. Dec. 22, 2016) ("[The ALJ] was not required to type up an

exhaustive factor-by-factor analysis in his decision." (internal quotations omitted)). Here, the ALJ's decision to discount Dr. Hilgeford's opinions is supported by the evidence in the record, and it is clear from his decision what weight he gave to the opinions and the reasons for that weight. (D.N. 13-2, PageID # 72) That approach is sufficient. *See Cole*, 661 F.3d at 937.

Indeed, the ALJ's decision to discount Dr. Hilgeford's opinions is supported by substantial evidence. *Rogers*, 486 F.3d at 241. As explained in the report and recommendation, "the significant limitations listed by Dr. Hilgeford are wholly unsupported by his sparse treatment notes." (D.N. 22, PageID # 814; *see also* D.N. 13-7, PageID # 359, 360–410, 419–52, 616–39) And his October 2016 opinion—the only opinion at issue in Skaggs's objection—is "merely a 'check-box analysis' with a few fill-in-the blank questions" and no explanation. (*Id.*) The ALJ correctly discounted that opinion. *See Hernandez v. Comm'r of Soc. Sec.*, 644 F. App'x 468, 474 (6th Cir. 2016) ("[I]t is nearly impossible to analyze whether that is true because Dr. Dittemore's check-box analysis is not accompanied by any explanation . . . . We have previously declined to give significant weight to rudimentary indications that lack an accompanying explanation.").

Skaggs's remaining objection is similarly unavailing. Skaggs argues that the ALJ erred because he cited no other medical opinion in the record showing her more capable than Dr. Hilgeford opined. (D.N. 24, PageID # 827) Such a particular finding is not required, however. To affirm the ALJ's decision, this Court merely needs to conclude that the ALJ's decision is supported by substantial evidence in the record and was made pursuant to proper legal standards. *Rogers*, 486 F.3d at 241. As discussed in the portions of Judge Whalin's recommendation to which Skaggs does not object, that standard is satisfied here.

## IV.    Conclusion

For the reasons set forth above, and the Court being otherwise sufficiently advised, it is hereby

**ORDERED** as follows:

(1)    The Findings of Fact, Conclusions of Law, and Recommendation of Magistrate Judge Dave Whalin (D.N. 22) are **ADOPTED** in full and **INCORPORATED** by reference herein.

(2)    Skaggs's motion for judgment on the pleadings (D.N. 15) is **DENIED**.

(3)    A separate judgment will be entered this date.

September 5, 2018

**David J. Hale, Judge
United States District Court**